McGREGOR W. SCOTT
United States Attorney
SHEA J. KENNY
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:19-CR-00004-TLN |
|---|---|
| Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER |
| v. | |
| JUAN MANUEL GARCIA-LAZARO, | DATE: May 16, 2019 |
| Defendant. | TIME: 9:30 a.m.<br>COURT: Hon. Troy L. Nunley |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for status on May 16, 2019.

2. By this stipulation, defendant now moves to continue the status conference until July 11, 2019, and to exclude time between May 16, 2019, and July 11, 2019, under Local Code T4.

3. The parties agree and stipulate, and request that the Court find the following:

   a) The government has represented that the discovery associated with this case includes 293 pages of documents including documents related to the defendant's prior immigration contacts and proceedings, investigative reports, and criminal history. In addition, the government has produced the audio recordings of the defendant's prior hearing before an immigration judge. All of this discovery has been either produced directly to counsel and/or

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

1

made available for inspection and copying.

  b) The defendant had previously been prepared to accept the government's proposed plea agreement, and as such, the parties had been set for a change of plea hearing on March 7, 2019. However, prior to that hearing, the defendant made representations indicating that he was suffering from ongoing mental health concerns. Based on these representations, defense counsel requested that the hearing be reset for March 28, 2019, because defendant was unavailable for the March 7 hearing due to his health concerns and because defense counsel needed additional time to evaluate the case with the defendant, to strategize for how to proceed, and to otherwise prepare for trial in light of the defendant's health status. On March 21, defense counsel represented to the government that she required additional time to locate a psychiatrist to meet with the defendant in light of the potential mental health issues and to assist defense counsel in evaluating the case and strategizing for how to proceed in the case. The parties thereafter stipulated to continue the March 28 hearing to April 11 to allow defense counsel to evaluate the case with the defendant in light of the ongoing health concerns, to strategize for how to proceed with the case and potential resolutions, and to continue to review discovery and to otherwise prepare for trial. On April 8, defense counsel represented to the government that she was unable to locate a Spanish-speaking psychiatrist to meet with and evaluate the defendant and that her office was in the process of locating an English-speaking psychiatrist who could meet with the defendant with the use of an interpreter. On April 9, defense counsel represented to the government that she had located a psychiatrist who could potentially meet with the defendant, but she had not yet been able to arrange for the psychiatrist to meet with and evaluate the defendant.

  c) On May 13, defense counsel represented to the government that the psychiatrist has not yet been able to meet with Mr. Garcia Lazaro but that she and the psychiatrist were in the process of scheduling an evaluation. On May 14, defense counsel represented to the government that the psychiatrist's office is not yet able to provide a date certain for Mr. Garcia Lazaro's evaluation, but that the evaluation will occur in June. After the evaluation, the psychiatrist will provide an oral report to defense counsel regarding the evaluation.

        d)       Counsel for the defendant desires additional time for the psychiatrist to meet with and evaluate the defendant in light of his ongoing mental health issues and to provide an oral report of the evaluation to defense counsel. While the defendant has previously indicated an intent to plead guilty in this case, given the defendant's representations to defense counsel and others regarding his health concerns, such an evaluation is necessary for defense preparation as an evaluation is necessary for defense counsel to effectively consult with the defendant regarding the status of the case, to discuss potential resolutions with the defendant, and to otherwise prepare for trial should the defendant elect not to plead guilty.

        e)       Counsel for defendant believes that failure to grant the above-requested continuance would deny her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

        f)       The government does not object to the continuance.

        g)       Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

        h)       For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of May 16, 2019 to July 11, 2019, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

///
///
///
///
///
///
///

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

3

    d)    Counsel for the defendant desires additional time for the psychiatrist to meet with and evaluate the defendant in light of his ongoing mental health issues and to provide an oral report of the evaluation to defense counsel. While the defendant has previously indicated an intent to plead guilty in this case, given the defendant's representations to defense counsel and others regarding his health concerns, such an evaluation is necessary for defense preparation as an evaluation is necessary for defense counsel to effectively consult with the defendant regarding the status of the case, to discuss potential resolutions with the defendant, and to otherwise prepare for trial should the defendant elect not to plead guilty.

    e)    Counsel for defendant believes that failure to grant the above-requested continuance would deny her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

    f)    The government does not object to the continuance.

    g)    Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

    h)    For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of May 16, 2019 to July 11, 2019, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

///
///
///
///
///
///
///

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: May 14, 2019

McGREGOR W. SCOTT
United States Attorney

/s/ SHEA J. KENNY
SHEA J. KENNY
Assistant United States Attorney

Dated: May 14, 2019

/s/ CHRISTINA SINHA
CHRISTINA SINHA
Counsel for Defendant
JUAN MANUEL GARCIA-LAZARO

## FINDINGS AND ORDER

IT IS SO FOUND AND ORDERED this 14th day of May, 2019.

Troy L. Nunley
United States District Judge